UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GNANASAMPANTHAN SABARATHAM,<br><br>Defendant. | Case No. 22-cr-00313-JSC-1<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR EARLY TERMINATION OF PROBATION** |

      Gnanasampanthan Sabaratham pled guilty to abusive sexual conduct of a 25-year-old woman on a cross-country flight. At the government's recommendation, and in light of Mr. Sabaratham's early and complete acceptance of responsibility, on September 27, 2023, the Court sentenced him to three-year's probation, with one year to be served through home detention. Mr. Sabaratham completed his year of home detention without incident. He now seeks early termination of his probation pursuant to 18 U.S.C. § 3564(c). The government opposes.

## DISCUSSION

      Early termination of probation is governed by 18 U.S.C. § 3564(c). That statute provides that a court, after considering the factors set forth in § 3553(a), as applicable, may, after one year in the case of a felony, terminate a defendant's probation if the court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The § 3553(a) factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors enumerated in § 3583(e) for early termination of supervised release). They

also include the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2).

After reviewing the relevant sentencing factors, the Court concludes it is not presently in the interest of justice to terminate Mr. Sabaratham's probation such that his total probationary period would be just over 19 months. First, such early termination would not adequately reflect the seriousness of his felony offense. Mr. Sabaratham's admitted conduct was extremely serious and damaging to the victim, and the Court already varied downward from the 6 to 12 month imprisonment guideline range for such offense.

Second, continued supervision is needed to ensure that he continues to practice the skills he learned in sex offender treatment. The conduct he has demonstrated during probation—maintaining gainful employment, providing steady support to his family, and being a positive and productive member of his community—is the same conduct he was engaged in when he sexually assaulted the victim on an airplane; so, this conduct does not persuade the Court that continued supervision is not needed to protect the public.

Finally, Mr. Sabaratham laments that his disabled son has not seen his grandmother who lives in Canada for over two years and that Mr. Sabaratham's wife cannot travel alone with their son to Canada. While Mr. Sabaratham's wife's condition is one reason the Court did not sentence him to a term of imprisonment, his explanation ignores that he has an adult daughter who lives in San Francisco and could presumably travel with his son.

For all these reasons, Mr. Sabaratham's request is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 13, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge